# Commonwealth ex rel. Tantala *v.* Tantala, Appellant.

Argued March 21, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Michael J. Pepe, Jr.*, for appellant.

*Raymond J. Takiff*, with him *Baratta, Lisi & Takiff*, for appellee.

OPINION BY CERCONE, J., September 22, 1975:

This matter is before us on appeal from a lower court order awarding the appellee-mother, Maryann Tantala, temporary visitation rights to her two minor children. The events giving rise to this appeal are as follows:

In July of 1972, the court below awarded custody of the children to the appellant-father, Richard Tantala. This same order also awarded certain visitation rights to the mother. Shortly after this order was entered the mother unlawfully took the children to Georgia. In proceedings not determinative here, the father secured the children's return to Pennsylvania. Subsequently, follow-

ing extensive evidentiary hearings, the lower court entered a new order on January 30, 1973, which permitted the mother to continue visiting her children provided she posted a bond and complied with certain other conditions.

On July 2, 1973, the father filed a petition requesting forfeiture of the bond and suspension of the mother's visitation privileges on the grounds that she had violated one of the conditions of the court order, and that her periodic visits were causing irreparable psychological damage to the children. The lower court, because of the serious nature of the allegations, temporarily suspended the mother's visitation privileges pending a hearing on the merits of the petition. In November, 1973, prior to the time of hearing on the father's petition, the mother countered with several petitions of her own requesting, inter alia, the return of her bond and the imposition of contempt sanctions on the father for his alleged noncompliance with the court order, and the reinstitution of visitation rights.

On October 30, 1974, at the completion of an extended evidentiary hearing on the father's petition relating to the mother's visitation rights and her alleged adverse affect on the children, the mother requested that the court vacate its order suspending her visitation rights and permit her to resume visiting her children pending a final disposition. The lower court granted the request and permitted the mother to visit her children in the court nursery on Sundays from 2:00 to 4:00 P.M. It is from this order that the father's instant appeal is lodged.

Appellant's sole contention is that the court's order reinstituting temporary visitation rights to the mother was entered in violation of his constitutional right to due process of law. Specifically, he asserts that he was denied procedural due process because the court's order on visitation was entered following a hearing held for a different purpose and without affording him the opportunity to present evidence in opposition to the wife's

request for temporary visitation. We find his argument specious for several reasons.

Initially, the record does not support his contention that the last hearing held by the court pertained only to the bond forfeiture issue. The only evidence on this matter is a letter written by his counsel to the lower court referring to the hearing as a "bond forfeiture case." Apart from this self-serving letter, which in and of itself does not indicate that the hearing would be limited to the bond issue, the record is devoid of any indication that the scope of the hearing was restricted to the bond question. In addition, the record contradicts his assertion that he was denied the opportunity to present evidence on the visitation issue. In the past four years both parties have appeared before the lower court, the Honorable Nicholas A. CIPRIANI, on countless occasions concerning the custody and visitation rights to their children. As Judge CIPRIANI observed:

"By October 30, 1974, the evidence clearly was completed with respect to the June (30th) incident, which showed that Maryann (sic) Tantala did violate the Court Order of January 30, 1973. There was quite simply no evidence of a moral depravity that would warrant depriving a mother of visitation rights *without a hearing*. (Emphasis in the original).

"The allegations of psychological harm, if proven, might well justify curtailing the visitation rights of the mother. Initially, the Court was willing to temporarily suspend visitations rights on the unsubstantiated allegations of Richard Tantala's Petition because of the seriousness of these accusations.

"But, the Court's stay which, in effect, suspended visitations rights, was intended only as an emergency vehicle. When it became apparent that this matter could not be resolved quickly, largely because of Richard Tantala's attitude of wanting to punish Maryann (sic) Tantala for her actions, such ex parte

relief had to be terminated. As a safeguard, the Court ordered the visits to be in the Court Nursery.

"If, after a full evidentiary hearing, the allegations in this Petition are substantiated, this Court may well modify or suspend its prior Order."

It is clear from the Judge's words that the father is not finally precluded from presenting additional evidence in support of his request that his former wife and mother of the children be completely denied the right to visit her children. The court's order is temporary and does not purport to be a final adjudication. We are of the opinion that Judge CIPRIANI properly acted in the best interests of the children.

Accordingly, the order permitting restricted visitation privileges to the mother pending further hearings is affirmed.